UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDA AMARE QADIR,<br><br>Petitioner,<br><br>v.<br><br>LEE SEALE, CHIEF PROBATION OFFICER,[1]<br><br>Respondent. | No. 2:17-cv-1309 KJN P<br><br><br>ORDER |

I. Introduction

Petitioner is a former state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner challenges his 2017 conviction for false/fraud claim in violation of California Penal Code section 550(A)(4). Petitioner was sentenced to two years in state prison. Petitioner claims that he suffered ineffective assistance of counsel in violation of the Sixth Amendment.

After careful review of the record, this court concludes that the petition should be denied.

////

---

[1] Lee Seale, Chief Probation Officer, **Error! Main Document Only.**is substituted as respondent. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

II. Factual and Procedural History

On October 18, 2016, the district attorney filed a felony complaint against petitioner alleging that on or about and between October 11, 2015, and August 1, 2016, petitioner "did aid, abet, solicit, conspire with another and did knowingly present a false and fraudulent claim for the payments of a loss for theft, destruction, damage and conversion of a motor vehicle, motor vehicle part, and contents of a motor vehicle," count one. (Respondent's Lodged Document ("LD") 1 at 1.) In the second count, the district attorney alleged that petitioner, while under oath, "did and contrary to such oath attempt[ed] to state as true a material matter which he knew to be false, to wit: the alleged theft of his motorcycle." (LD 1 at 2.)

Petitioner pled no contest to making a false and fraudulent claim for a motor vehicle and was sentenced to two years on January 3, 2017. (ECF No. 1 at 19; LD 1-2; 5.)

Petitioner appealed the conviction; however, the state superior court deemed the appeal inoperable because the court denied petitioner a certificate of probable cause. (LD 5.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on March 10, 2017. (LD 6, 7.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 8.) The California Supreme Court denied the petition on May 10, 2017, citing People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Dixon, 41 Cal. 2d 756, 759 (1953), and In re Swain, 34 Cal. 2d 300, 304 (1949).[2] (LD 9.)

---

[2] The Ninth Circuit has stated that:

> We have held that citation to Duvall and Swain together constitutes "dismissal without prejudice, with leave to amend to plead required facts with particularity." Cross v. Sisto, 676 F.3d 1172, 1177 (9th Cir. 2012); accord Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam), abrogated in part on other grounds as recognized in Waldrip v. Hall, 548 F.3d 729, 733 (9th Cir. 2008). The citations to Swain carry particular weight because the Swain court discussed the pleading standard and then dismissed the habeas petition without prejudice. 209 P.2d at 796; Cross, 676 F.3d at 1176."

Seeboth v. Allenby, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015). The California Supreme Court's citation to Dixon does not apply to petitioner's ineffective assistance of counsel claim raised in this court. In re Robbins, 18 Cal.4th 770, 815 n.34 (1998).

2

1    Petitioner filed the instant petition on June 27, 2017. (ECF No. 1.) Respondent filed an answer; petitioner did not file a reply.

III. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155

3

(2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[3] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous."'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter,

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether

a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

IV. Governing Legal Principles

The Supreme Court has explained that:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Tollett v. Henderson, 411 U.S. 258, 267 (1973), citing McMann v. Richardson, 397 U.S. 759, 771 (1970).[4] In other words, parties "who voluntarily and intelligently plead[ ] guilty to a criminal

---

[4] Tollett applies with equal force to a no contest plea. Cal. Penal Code § 1016 ("[A] plea of nolo contendere shall be considered the same as a plea of guilty. . . . The legal effect of such a plea, to

6

charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1985). The only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 56-57 (1985)).[5]

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

V. Ineffective Assistance of Counsel[6]

Petitioner claims that his counsel was "very negligent [and] unprofessional;" she did not read petitioner's discovery or cross-examine the witness for the prosecution. (ECF No. 1 at 5.) Petitioner provides no other facts or evidence in support of such claims.

---

a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."); see also Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992) (applying Tollett to no contest plea). Accordingly, federal constitutional principles governing guilty pleas apply to petitioner's claims in the instant action. Miller v. McCarthy, 607 F.2d 854, 856 (1979).

[5] There are exceptions to this general bar. For example, a defendant who pleads guilty may raise in habeas corpus proceedings a double jeopardy claim and may challenge the court's jurisdiction. See Haring v. Prosise, 462 U.S. 306, 320 (1983), citing Blackledge v. Perry, 417 U.S. 21, 30 (1974), and Menna v. New York, 423 U.S. 61 (1975). No exception applies here.

[6] Respondent argues that petitioner's claim is unexhausted because the claim raised in the California Supreme Court was actually a Marsden claim, rather than an ineffective assistance of counsel claim. In the interest of judicial economy, this court will address petitioner's claim on the merits rather than address the issue of exhaustion. A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Here, the record confirms that there was no jury trial or trial; rather, petitioner pled no contest. Thus, petitioner's allegation that his attorney failed to cross-examine the prosecution's witness must pertain to her role at the preliminary hearing on December 20, 2016.[7] Such claim is barred under Tollett because petitioner subsequently pled no contest. With certain exceptions not applicable here, the law is clear that petitioner may not raise claims of deprivation of his constitutional rights that occurred prior to his plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. See also McMann, 397 U.S. at 770-71; Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds by Lockyer, 538 U.S. at 75-76); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992) ("petitioner's nolo contendere plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of that plea"); Hudson v. Moran, 760 F.2d at 1029-30 (voluntary and intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-plea constitutional violations).) Because petitioner's ineffective assistance claim concerning cross-examination relates to conduct that took place before petitioner entered his plea, ostensibly upon counsel's advice, such claim is barred under the rationale of Tollett.

Petitioner's claim that his attorney never read his discovery is less clear in terms of timing, but in the petition filed in the California Supreme Court, petitioner acknowledged that his attorney had petitioner's discovery when she first met with petitioner. (LD 8 at 3.) Such meeting would have taken place before the preliminary hearing. In addition, petitioner states the trial court held a Marsden[8] hearing, at which petitioner "told the judge everything," suggesting that

---

[7] The transcript from the preliminary hearing reflects that petitioner's counsel did cross-examine witnesses at the hearing. (RT 16, 25.)

[8] In People v. Marsden, 2 Cal. 3d 118, 84 Cal.Rptr. 156, 465 P.2d 44, (1970), the California Supreme Court held that an indigent criminal defendant may request that the trial court discharge appointed counsel and substitute new counsel if the defendant's right to counsel otherwise would

8

petitioner's allegation concerning discovery is also barred by Tollett. (LD 8 at 3.) But in any event, petitioner includes no factual allegations demonstrating how counsel's alleged failure to read his discovery impacted his decision to plead no contest. Indeed, petitioner fails to explain the nature of any such discovery or how it would have assisted in his defense. Petitioner's vague allegation is insufficient to support a claim of ineffective assistance of counsel. See Villafuerte v. Stewart, 111 F.3d 616, 632 (9th Cir. 1997) (petitioner's ineffective assistance claim denied where he presented no evidence concerning what counsel would have found had he investigated further, or what lengthier preparation would have accomplished). Petitioner's vague allegation fails to rebut the "strong presumption" that his trial counsel rendered competent assistance. See Detrich v. Ryan, 740 F.3d 1237, 1276 (9th Cir. 2013) (citing Cullen v. Pinholster, 563 U.S. 170, 188 (2011). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Thus, petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim pertaining to trial counsel's alleged failure to read discovery.

## VI. Conclusion

For all of the above reasons, the undersigned denies petitioner's application for a writ of habeas corpus.

## VII. Certificate of Appealability

The federal rules require a district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability. See Rules Governing § 2254 Cases, Rule 11(a).

A judge will grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. Id. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v.

---

be substantially impaired due to the inadequate representation of the original attorney.

McDaniel, 529 U.S. 473, 484 (2000).

As discussed above, petitioner's pre-plea ineffective assistance of counsel claims are barred by Tollett; thus, petitioner is unable to demonstrate the denial of a constitutional right because his no contest plea waived his right to challenge alleged pre-plea constitutional errors. His second claim is too vague and conclusory to support relief. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. The court declines to issue a certificate of appealability.

VIII. Orders

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a petition for writ of habeas corpus is denied; and

2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: March 13, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

qadi1309.157